Green, J.
delivered the opinion of the court.
This is an action of ejectment, and at the hearing tbe following facts were agreed. The ancestor of Mrs. Williamson entered the land in controversy, in March, 1826, and in July, 1826, the land was surveyed. On the 18th of May, 1849, a grant issued for the same.
On the 20th of September, 1837, the. defendant Elisha Luna entered the same land, which was surveyed, and on the 23rd of November, 1837, a grant issued upon the same for said entry. The defendant Throop was in possession of said land at the commencement of this suit.
The circuit judge gave judgment on the agreed case in favor of the defendant, and the plaintiffs appealed to this court. It appears that the Legislature has from time to time passed laws extending the time for making surveys, and obtaining grants upon entries previously made, and these extending laws, had been uniformly enacted before the expiration of the previous law until the session of 1841.
On the 29th November, 1837, an act passed, giving the fur *266 ther time of two years from the end of that session of the Legislature, to enterers under the several acts providing for the entry of lands, to have the same surveyed, return plats and certificates, and obtain grants thereon. On the 28th November, 1839, an act was passed, extending the time of making surveys until the 1st September, 1841, and giving the further time of two years from the passage of the act, to have such surveys granted. The act also provides “That if such surveys shall not be made, and grants obtained thereon, as provided in this act, such entry, or entries and surveys, as the case may be, shall be null and void as against subsequent en-terers.” On the 30th of November, 1841, another act was passed, giving the further time of two years after the passage of the act, for making surveys, returning plats and certificates, and obtaining grants on all entries theretofore made.
It appears from this reference to the acts of Assembly on this subject, that the time limited by the act of 1839 expired on the 28th November, 1841, and that the extending act of 1841, was not passed until the 30th of November. The act of 1839 makes 'all entries and surveys void, on which grants shall not be obtained within the time therein limited. As against subsequent enterers, therefore, the entry and survey of the plaintiff’s ancestor was void on the 28th day of November ; and being so void, the grant to the defendant Luna, being unopposed by any older and better title, was an appropriation of the land and conferred on him a good title. It is true, this court has held that although a law requiring surveys and grants to be obtained within a limited time, may have expired before the enactments of another extending law, still, it is competent for the Legislature to give validity to an entry previously made, by force of such subsequent, extending law.
But this can only be done in cases where no private right to the land has intervened, and become vested. In such case *267 the whole unappropriated domain belongs to the State, and the General Assembly, representing the sovereign people, may dispose of it as they please. They may, therefore, by law, make prior entries, which were defunct, vital, and valid appropriations of the land; and in .such case, the grant subsequently issued will relate to the date of such entry so revived. But this court has also held, that if during the period after the expiration of one extending law, and before the enactment of another, a private individual shall make an entry on land, which had been previously entered, but which had not been surveyed and granted, within the time required by law, such subsequent enterer gets a good title at the time he makes his entry, and the extending law subsequently passed cannot revive the prior entry, so as to deprive such subsequent enterer of his title. It has become a vested right in him, which the Legislature cannot take away.
Now apply this principle to the case before us. The State sells the land to two individuals, but the first purchaser fails to perform the conditions, within the time required by law, upon which he is to have a title, and he forfeits his claim. Immediately upon such forfeiture, the title vests in the younger claimant. Now the State cannot afterwards by extending the time for performing such conditions, take away the title that has so vested.
If no private right had intervened, the State might waive the forfeiture, and give effect to the previous incipient proceedings, but it has no power to do this, in violation of rights vested in others. We are of opinion, therefore, that the defendant acquired a perfect title to this land, the 29th November, 1841; the act of 1839 having expired on the 28th, and the of act 1841 not having passed until the 30th of November.
Affirm-the judgment.